**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE CO., LTD., as Subrogee of Sony Corporation, and MITSUI SUMITOMO MARINE MANAGEMENT (U.S.A.), INC., as Assignee of Orient Overseas Container Line Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> ORIENT OVERSEAS CONTAINER LINE LTD., and BNSF RAILWAY COMPANY, <br><br> Defendants. | ) ) ) ) ) ) ) ) Case No. ) ) **In Admiralty** ) ) ) ) ) |

## COMPLAINT

Plaintiffs Mitsui Sumitomo Insurance Co., Ltd., as subrogee of Sony Corporation, and Mitsui Sumitomo Marine Management (U.S.A.), Inc., as assignee of Orient Overseas Container Line Ltd., state their complaint against defendants Orient Overseas Container Line Ltd. and BNSF Railway Company as follows:

### The Parties

1. Mitsui Sumitomo Insurance Co., Ltd. ("Mitsui") is a Japanese corporation. It is the insurer of the cargo that is the subject matter of this complaint and subrogated to the rights of the cargo's owner, Sony Corporation, with respect thereto. Mitsui's third-party administrator in the United States is co-plaintiff Mitsui Sumitomo Marine Management (U.S.A.), Inc.

2. Mitsui Sumitomo Marine Management (U.S.A.), Inc. ("Mitsui USA") is a New York corporation with its principal place of business in Warren, New Jersey. Mitsui USA is

the assignee of Orient Overseas Container Line Ltd.'s rights, title and interest in and to the shipment that is the subject matter of this complaint.

        3.      Orient Overseas Container Line Ltd. ("OOCL") is, upon information and belief, a corporation incorporated in the People's Republic of China. OOCL was the carrier of the cargo that is the subject of this complaint from Xiamen, China to Elwood, Illinois, as evidenced by the through bill of lading governing this shipment and numbered OOLU2564778450, a true and correct copy of which is attached hereto as Exhibit 1 ("Through Bill of Lading OO LU2564778450").

        4.      BNSF Railway Company ("BNSF") is, upon information and belief, a Texas corporation with its principal place of business in Fort Worth, Texas. BNSF carried the cargo that is the subject matter of this complaint by rail from Long Beach, California to the BNSF Logistics Park Chicago railway located in Elwood, Illinois under Through Bill of Lading OOLU2564778450.

## Jurisdiction

        5.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Carriage of Goods by Sea Act, 46 U.S.C. § 30701 *et seq.* ("COGSA").

## Venue

        6.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because both defendants are residents of Illinois for venue purposes since they are subject to the Court's personal jurisdiction with respect to this lawsuit pursuant to 735 ILCS 5/2-209(a)(1) and (7) because they transact business within Illinois and made a contract substantially connected with Illinois.

**Background Facts**

7. Before September 30, 2015, TPV Display Technology (Xiamen) Co., Ltd., the shipper/exporter listed on Through Bill of Lading OOLU2564778450, manufactured for Sony Corporation 15,552 cartons of 32" LED televisions (the "LED TVs").

8. On or before September 30, 2015, OOCL agreed to transport the LED TVs from Xiamen, China to Elwood, Illinois. OOCL received the LED TVs in Xiamen, China on or about September 30, 2015 and issued Through Bill of Lading OOLU2564778450 on or about October 2, 2015. The LED TVs were in good condition when OOCL took possession of them in Xiamen, China and no exceptions otherwise were noted on Through Bill of Lading OOLU2564778450. 864 cartons of the LED TVs were contained in container number DFSU7325085 bearing seal number OOLDBZ0814.

9. From approximately October 2, 2015 through November 2, 2015, Container number DFSU7325058 was carried by sea from Xiamen, China to Long Beach, California and then by rail to Elwood, Illinois.

10. On or about November 4, 2015, BNSF notified Sony Corporation, as the beneficial shipper of the LED TVs, that upon BNSF's inspection of container number DFSU7325085 in Elwood, Illinois, it was discovered that seal number OOLDBZ0814 was missing from the container. BNSF also discovered that a significant number of the 864 cartons of the LED TVs contained in container number DFSU7325085 were missing. Sony Corporation subsequently determined that the number of LED TVs missing was 315 (the "Lost Cargo"), which were worth a total of $47,880.00.

3

11. Mitsui became subrogated to Sony Corporation's rights and remedies in, and relating to, the Lost Cargo on or about April 18, 2016, after paying Sony Corporation $50,274.00. This amount equals 105% of the value of the Lost Cargo in order to include costs incurred by Sony Corporation in the handling process of this claim, which is common practice in the insurance industry.

12. OOCL timely filed a notice of claim with BNSF for the Lost Cargo on or about April 20, 2016. BNSF denied this claim on or about May 20, 2016.

13. Mitsui, via its third-party administrator Mitsui USA, timely filed its claim for the Lost Cargo with OOCL, via its third-party administrator OOCL (USA) Inc., on or about June 27, 2016, and with BNSF on or about June 29, 2016. OOCL denied Mitsui's claim on or about June 28, 2016. BNSF denied Mitsui's claim on or about July 5, 2016.

14. On or about August 30, 2016, OOCL, through its third-party administrator in the United States, OOCL (USA) Inc., assigned to Mitsui USA all of OOCL's rights, title and interest in and to the shipment that is the subject matter of this action, including all rights as to all claims for loss or damage to said shipment (the "Assignment Agreement").

15. On or about August 31, 2016, Mitsui supplemented its claim filed on or about June 29, 2016 with BNSF in order to provide BNSF with a copy of the Assignment Agreement. BNSF again denied Mitsui's claim on or about September 1, 2016, contending that the claim was submitted untimely.

16. At this time, Mitsui cannot determine at what point or points in transport from Xiamen, China to Elwood, Illinois the loss to the LED TVs occurred. But as a direct and proximate result of the loss, Mitsui has sustained $50,274.00 in damages, which is the amount in which Sony Corporation was damaged and which Mitsui paid Sony Corporation to become subrogated to its claim.

## COUNT I
## COGSA
### (*by Mitsui and against OOCL and BNSF*)

17. Mitsui incorporates and re-alleges paragraphs 1 through 16 of this complaint as though fully set forth herein.

18. Pursuant to COGSA, 46 U.S.C. § 30701 *et seq*., a carrier is liable for the loss of or damage to cargo incurred during carriage. OOCL and BNSF were both carriers providing transportation or service with respect to the Lost Cargo governed by Through Bill of Lading OOLU2564778450.

19. OOCL received the Lost Cargo in good condition in Xiamen, China but it was lost before it reached Elwood, Illinois.

20. This loss was not the result of any act or omission by Sony Corporation but was due solely to the negligence, fault and/or breach of contract of carriage and bailment by OOCL and/or BNSF and/or their agents.

21. As a direct and proximate result of the foregoing, Mitsui has sustained damages in the amount of $50,274.00.

WHEREFORE, based on the foregoing, Mitsui Sumitomo Insurance Co., Ltd. respectfully requests this Court enter judgment in its favor and against Orient Overseas Container Line Ltd. and BNSF Railway Company, jointly and severally, in the amount of $50,274.00, plus interest and costs, and for such further relief as this Court deems just.

## COUNT II
### Breach of Contract
*(by Mitsui USA and against BNSF)*
**(In the Alternative to Count I)**

22. Mitsui USA incorporates and re-alleges paragraphs 1 through 16 of this complaint as though fully set forth herein.

23. OOCL and BNSF entered into a contract by which BNSF was to promptly and efficiently carry the Lost Cargo by rail from Long Beach, California to Elwood, Illinois under Through Bill of Lading OOLU2564778450.

24. Upon information and belief, OOCL fully performed under this contract by paying BNSF for its transportation services, or is ready, willing and able to perform under this contract.

25. BNSF breached this contract by failing to deliver the Lost Cargo as it agreed to do under the contract.

26. Mitsui USA has been assigned OOCL's rights to assert a claim for breach of that contract relating to the Lost Cargo against BNSF.

27. As a direct and proximate result of BNSF's breach, Mitsui USA has suffered damages in the amount of $50,274.00.

WHEREFORE, based on the foregoing, Mitsui Sumitomo Marine Management (U.S.A.), Inc. respectfully requests this Court enter judgment in its favor and against BNSF Railway Company in the amount of $50,274.00, plus interest and costs, and for such further relief as this Court deems just.

> Respectfully submitted,
>
> MITSUI SUMITOMO INSURANCE CO., LTD., as subrogee of Sony Corporation, and MITSUI SUMITOMO MARINE MANAGEMENT (U.S.A.), Inc., as assignee of Orient Overseas Container Line Ltd.
>
> By: /s/ Brian P. O'Connor
>       One of its attorneys

Paul J. Kozacky (ARDC #6188031)
Brian P. O'Connor (ARDC #6316866)
KOZACKY WEITZEL MCGRATH, P.C.
55 West Monroe Street, Suite 2400
Chicago, Illinois 60603
(312) 696-0900
pkozacky@kwmlawyers.com
boconnor@kwmlawyers.com

7